MICHAEL MURRAY, Appellant, *vs.* LOUIS L. ANGELL, Appellee.

J. was appointed administrator of the estate of his deceased brother, represented it insolvent, and presented claims in behalf of himself and his wife to the commissioners, who allowed the claims.  Whereupon an appeal from the allowance was taken by a sister of J.

On petition to remove J. as a person unfit to administer :

*Held*, that the petition should not be granted.  Unfitness to administer, to be a cause for removal, must exist at the time of removal ; the propriety of the original appointment is no longer in question ; and in the case at bar the validity of J.'s claims was already before the appellate court.

The statutory right of the next of kind to administer should not be interfered with without good cause.

APPEAL from the Municipal Court of the city of Providence, sitting as a court of probate.

*January* 18, 1890.  STINESS, J.  The appellant was appointed administrator of the estate of his brother, John Murray, by the Municipal Court of Providence, and duly qualified.  He represented the estate insolvent, and presented claims in favor of himself and wife for board and care of the intestate, which were allowed by the commissioners.  The report of the commissioners was received and allowed by the Municipal Court, whereupon appeals from the judgment of the commissioners were taken by a sister of the intestate.  Subsequently the sister applied to the Municipal Court to remove the appellant from administration of the estate, upon the ground that he pretended to have claims against the estate for himself and wife, which he had presented to the commissioners, as aforesaid.

The Municipal Court adjudged the appellant to be " evidently unsuitable to discharge the trust reposed in him," and removed him from his office of administrator, appointing the appellee in his place.  The appeal of Michael Murray from this action of the

Municipal Court is now before us. Pub. Stat. R. I. cap. 184, § 24, gives authority to a court of probate to remove an administrator when he shall become " evidently unsuitable to discharge the trust reposed in him ; " but since the same chapter, § 2, provides for the appointment of a creditor as administrator in certain cases, it is clear that the mere fact that one has a claim against an estate is not a disqualification for the office, nor evidence of unsuitableness to discharge the duties of the trust. In *Fenner* v. *Manchester et als.* 6 R. I. 140, it was held that an administrator, although he might not bring suit for his claim, could present and prosecute it before the commissioners of an insolvent estate. As this court remarked in *Perkins* v. *Se ipsam*, 11 R. I. 207 : " It is well for an administrator to resign when he finds the estate is insolvent, if he has a claim against it which is open to question." Such claims he has the right to have stricken from the report of the commissioners, upon giving notice that he is dissatisfied with their allowance, in order to require the claimant to establish the claim in a suit at law. But if an administrator, instead of exercising this right, presses a disputed and doubtful claim of his own, this, or the liability to do it, may be sufficient to render him an unsuitable person. It is not probable that he would express dissatisfaction with the allowance of his claim, and thus, instead of requiring the claim to be established at law, he would require those interested in the estate to assume the burden of contesting it. But however this may be, the purpose of a removal is not punishment for omitting to exercise a discretionary right which he might properly, and as a general rule ought to, exercise ; but the security and benefit of the estate. For this reason the alleged cause of unsuitableness must exist at the time of the removal. The court does not reconsider the question whether his original appointment was proper. *Drake* v. *Green*, 10 Allen, 124. In the present case the administrator's claim had been allowed, and the allowance appealed from at the time the Municipal Court ordered his removal. The validity of his claim is to be established in the appellate court. A removal does not now affect the matter one way or the other. A new administrator cannot prevent the allowance of the claim if it is valid ; and if it is not valid, the appellant can neither gain advantage nor

the estate suffer loss; for it is not to be supposed that he would be allowed either for costs or services in prosecuting a fictitious demand.   The right of the next of kin to administer an estate is given by statute, and should not be interfered with except for good cause.   We fail to see that any benefit would accrue to the estate by the proposed removal, or that the state of affairs at the time of filing the petition rendered the appellant an unsuitable person to discharge the trust.   The order of the Municipal Court must therefore be reversed.                    *Order accordingly.*

George J. West & Ambrose E. West, for appellant.

Simon S. Lapham, for appellee.